Slip Op. 11 - 152

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| FRENCH FEAST, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Before: R. Kenton Musgrave, Senior Judge |
| | : | Court No. 11-00131 |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## OPINION

[On challenge for refund of retaliatory import duties, after settlement in part, motion to dismiss remainder of action dismissed as time-barred.]

Decided:  December 9, 2011

*Peter S. Herrick*, *P.A.* (*Peter S. Herrick*), for the plaintiff.

*Tony West*, Assistant Attorney General; *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Michael D. Panzera*), and Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection (*Yelena Slepak*), of counsel, for the defendant.

Musgrave, Senior Judge:  This action pursuant to 28 U.S.C. § 1581(i) seeks refunds of retaliatory duties assessed on imports subject to *Implementation of WTO Recommendations Concerning EC-Measures Concerning Meat and Meat Products*, 64 Fed. Reg. 40638, 40639 (USTR July 27, 1999) ("*EC-Measures*").  French Feast, Inc. filed its summons and complaint against U.S. Customs and Border Protection ("Customs") on May 5, 2011, one hundred and fifty days after issuance of the appellate mandate on *Gilda Industries, Inc. v. United States*, 622 F.3d 1358 (Fed. Cir. 2010) affirming that the existing retaliatory action terminated by operation of law on July 29, 2007.

Thereafter, pursuant to 19 U.S.C. § 1520(a)(1), the parties stipulated to entry of judgment for refunds of retaliatory duties on entries of merchandise made after July 29, 2007 and liquidated (or remaining unliquidated) after May 4, 2009.

The government now moves to dismiss for lack of jurisdiction over the entries that remain herein, *i.e.*, those liquidated prior to May 5, 2009 ("remaining entries"), arguing that they are time-barred.

French Feast avers it was unaware it could challenge the retaliatory duty payments until it was so advised by its customs brokers and argues its claim did not "finally" accrue until the mandate in *Gilda*.  Pl.'s Resp. at 3-4 (referencing *United States v. Commodities Export Co.*, 972 F.2d 1266, 1270 (Fed. Cir. 1992 (noting that a cause of action accrues only when "all events" necessary to state the claim or fix the alleged liability of the government have occurred).  Collection of retaliatory duties is merely ministerial, contends French Feast, and therefore there is no basis for denying the remaining retaliatory duty refunds.

In other words, French Feast essentially argues the dates of liquidation are irrelevant for purposes of this claim.  The dates of liquidation, however, are not irrelevant.

French Feast invokes  jurisdiction pursuant to 28 U.S.C. § 1581(i),[1] and "[a] civil action of which the Court of International Trade has jurisdiction under section 1581 of this title, other than an action specified in subsections (a)-(h) of this section, is barred unless commenced in accordance with the rules of the court within two years after the cause of action first accrues."  28

---

[1]  Judicial review pursuant section 15881(i) is governed by 5 U.S.C. § 706.  *See* 28 U.S.C. § 2640(e).  "Agency action" under  section 706 review will be "h[e]ld unlawful and set aside" if the findings and conclusions  are found to be, *inter alia*, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  *See* 5 U.S.C. § 706(2)(A).

U.S.C. § 2636(i).  Further, "[t]he basic rule is that the clock of a statute of limitations begins to run

from the date the plaintiff's cause of action 'accrues' . . . [and] stops on the date that the plaintiff

files his complaint in a court of proper jurisdiction."  *Hair v. United States*, 350 F.3d 1253, 1260

(Fed. Cir. 2003) (citation omitted).  For purposes of 28 U.S.C. § 1581(i) and U.S.C. § 2636(i), thus,

a cause of action begins to accrue when a claimant has, or should have had, notice of the final agency

act or decision being challenged.  *See*, *e.g., Pat Huval Restaurant & Oyster Bar, Inc. v. United

States*, 32 CIT __,  547 F. Supp. 2d 1352 (2008).

       Given that French Feast is challenging pursuant to 28 U.S.C. § 1581(i) the authority

of Customs to assess retaliatory duties in accordance with the then-current annex to *EC-Measures*,

the event that triggered the accrual of French Feast's claim was not issuance of the mandate in

*Gilda* but Customs' liquidation.  *See* 19 U.S.C. § 1514; 19 C.F.R. § 159.1 (liquidation means "the

final computation or ascertainment of the duties (not including vessel repair duties) or drawback

accruing on an entry").  *Cf.*, *e.g.*, *Volkswagen of America, Inc. v. United States*, 532 F.3d 1365, 1370

(Fed. Cir. 2008) (liquidation as "a final challengeable event in Customs' appraisal process"); *Juice

Farms, Inc. v. United States*, 18 CIT 1037, 1040 (1994) (importers bear burden of checking for

posted notices of liquidation and protesting in timely manner).  Even prior to final assessment of

retaliatory duties, French Feast was on notice that those duties were being imposed; yet French Feast

did not challenge such imposition or seek injunction to prevent the entries' liquidations.

       Further, French Feast provides no support for the argument that judicial review of

another party's challenge somehow "tolls" or "suspends" the accrual of its own  cause of action, and

it did not file this action within two years of the relevant date(s) of liquidation of the remaining

entries in accordance with 28 U.S.C. § 1581(i).  *Gilda*, as the controlling legal precedent, may effect the outcome as to particular entries of this case, but the accrual of French Feast's cause of action did not depend upon issuance of *Gilda*'s mandate because the accrual of a claim is not affected by a judicial interpretation of a statute.  *See*, *e.g.*, *Catawba Indian Tribe of South Carolina v. United States*, 982 F.2d 1564, 1570 (Fed. Cir. 1993) ("it is fundamental jurisprudence that the statute's *objective* meaning and effect were fixed when the statute was adopted[; a]ny later judicial pronouncements simply explain, but do not create, the operative effect") (italics in original).

French Feast argues that Customs is acting in a merely ministerial role in the collection of retaliatory duties.  But, if French Feast is not challenging Customs' liquidation of its entries, the only other agency determination possibly at issue would be the decision of the Office of the United States Trade Representative to impose retaliatory duties.  That decision occurred before final liquidation in this case, so even under such a conception of the nature of French Feast's claim, jurisdiction is still lacking as to the remaining entries in dispute.  The only plausible agency action or decision French Feast contests, thus, is Customs' liquidation of its entries that included the retaliatory duties.  At liquidation, Customs decided the imposition of those duties was "final," and at that point French Feast's cause of action (to challenge that agency action and/or decision) accrued. French Feast has not presented any valid basis for the relief it is essentially requesting, which is to "undo" liquidation or order reliquidation.

Accordingly, because French Feast did not file its complaint within two years of the date of accrual of its cause of action as required by 28 U.S.C. § 2636(i), the Court cannot grant

French Feast's prayer for relief with respect to the remaining entries.  These were all apparently

liquidated prior May 5, 2009.

    On the other hand, the government's position has been that the statute of limitations

operates as a jurisdictional bar to French Feast's claims beyond the two-year window.  Such a stance

must be rejected as conflicting with the plain language of 28 U.S.C. 2636(i), *i.e.*, "[a] civil action of

which the Court of International Trade has jurisdiction under section 1581[.]" *See Parkdale Intern.,*

*Ltd. v. United States*, 31 CIT 1229, 1238 n.6, 508 F. Supp. 2d 1338, 1349 n.6 (2007).  The

government's motion to dismiss will therefore be granted pursuant to USCIT Rule 12(b)(5).

    Judgment will enter accordingly.


             /s/  R. Kenton Musgrave
             R.  Kenton Musgrave, Senior Judge


Dated: December 9, 2011
    New York, New York

# *UNITED STATES COURT OF INTERNATIONAL TRADE*

| | |
|---|---|
| FRENCH FEAST, INC., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| UNITED STATES, | : |
| | : |
| Defendant. | : |
| | : |

Before: R. Kenton Musgrave, Senior Judge
Court No. 11-00131

**JUDGMENT**

This action having been duly submitted for decision; and the court, after due deliberation, having rendered a decision herein; Now therefore, in conformity with said decision, it is

**ORDERED, ADJUDGED and DECREED** that defendants' motion to dismiss be, and hereby is, granted; and it is further

**ORDERED, ADJUDGED and DECREED** that the remainder of this action not covered by the parties' stipulated partial judgment be, and hereby is, dismissed without prejudice.

/s/  R. Kenton Musgrave
R.  Kenton Musgrave, Senior Judge

Dated: December 9, 2011
     New York, New York